J-S16003-15

| | | |
|---|---|---|
| K.H. and M.T.-C., | : | IN THE SUPERIOR COURT OF |
| Appellants | : | PENNSYLVANIA |
| | : | |
| v. | : | No. 1748 MDA 2014 |
| | : | |
| T.M., A.L., E.D., and | : | |
| Berks County Children and | : | |
| Youth Services | : | |

Appeal from the Order Entered October 3, 2014
in the Court of Common Pleas of Berks County
Civil Division, at No. 14-17221

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.:                    **FILED APRIL 13, 2015**

K.H. and M.T.-C. (Parental Grandparents) appeal the order of the Court of Common Pleas of Berks County, Civil Division, entered October 3, 2014, by which the trial court declined to hear Paternal Grandparents' Petition for Custody of a Minor Child on the grounds that the matter had already been decided by a court of coordinate jurisdiction and that Paternal Grandparents had failed to join Berks County Children and Youth Services (BCCYS) as an indispensable party. We affirm.

The record supports the following recitation of the facts of this case. On September 4, 2013, the trial court adjudicated B.M. (Child) dependent and transferred her to the temporary legal custody of BCCYS for placement, with concurrent goals of reunification and adoption.

At the time of Child's placement, T.M. (Mother) and E.D. (Legal Father) identified Child's foster parents as kinship resources for Child. Child has remained in placement with them throughout this case. When BCCYS

located A.L. (Biological Father) and requested information about his relatives as possible placements for Child, Biological Father explicitly stated that he did not want Child placed with his parents, Paternal Grandparents. The trial court granted limited visits between Paternal Grandparents and Child, but ordered that Child was to remain in her current foster home.

Paternal Grandparents applied for licensing as foster parents through BCCYS in September of 2014. BCCYS denied their application on January 14, 2014. Paternal Grandparents appealed BCCYS' denial to the Bureau of Hearings and Appeals of the Department of Human Services. On July 22, 2014, the Bureau issued a Recommendation that Paternal Grandparents' appeal be denied.

In its Recommendation, the Bureau concluded that Paternal Grandparents were not able to provide a caring, nurturing and adequately supervised environment for a child placed in their care. The Bureau further concluded that M.T-C.'s mental stability and emotional adjustment were fragile and needed to be monitored, especially in light of M.T.-C.'s aggressive and intimidating behavior toward the BCCYS employees who worked with them. The Bureau also concluded that Paternal Grandparents' home was not a safe environment for Child because their son, Biological Father, a drug addict, has lived with them off and on for all of his adult life. In addition, M.T.-C. and Biological Father were involved in a physical altercation in September of 2010 when M.T.-C. assaulted and injured

Biological Father. The Bureau also concluded that Paternal Grandparents failed to cooperate with BCCYS throughout the licensing process, and failed to disclose important details to BCCYS. Among the details Parental Grandparents failed to disclose were M.T.-C.'s arrest and conviction records, their own smoking and drinking habits, Biological Father's drug addiction, their history of domestic violence and the September 2010 physical altercation between M.T.-C. and Biological Father.

Paternal Grandparents filed a Petition for Custody of a Minor Child in the trial court on August 15, 2014. Paternal Grandparents identified Mother, Legal Father and Biological Father as defendants, but, although they served BCCYS with the petition, they failed to include BCCYS as a party.

The trial court held a hearing on the petition on September 24, 2014. The trial court first refused to address the merits of the petition on the grounds that Paternal Grandparents' petition was defective and that a judge of concurrent jurisdiction had entered an order awarding custody of Child to BCCYS pursuant to a dependency petition. The trial court granted BCCYS' oral motion to dismiss Paternal Grandparents' petition for failure to name BCCYS as an indispensable party.

Paternal Grandparents filed a motion for reconsideration of the trial court's dismissal of their petition, which the trial court denied and then entered its order dismissing Paternal Grandparents' petition on October 3, 2014. Paternal Grandparents filed a timely notice of appeal of that order

and also filed an Emergency Application for Exercise of Plenary and Extraordinary Jurisdiction Using King's Bench and Superintendency Powers in the Supreme Court of Pennsylvania. The Supreme Court promptly denied the application. On November 26, 2014, the trial court terminated the parental rights to Child of Mother, Legal Father and Biological Father.

Paternal Grandparents present the following questions for our review.

> I. Did the [trial] court abuse its discretion when it determined custody of a dependent child had already been decided through placement in the dependency action?

> 2. Did the lower court abuse its discretion when it dismissed the custody action for failure to include an indispensable party?

Paternal Grandparents' Brief, at 3.

In deciding this matter, we consider pure questions of law. "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." **K.A.R. v. T.G.L.**, 107 A.3d 770, 775 (Pa. Super. 2014) (brackets in original; citation omitted).

We will analyze both questions at the same time. Paternal Grandparents argue that "Denying grandparents the right to seek custody under 23 Pa.C.S.A. § 5324 until a dependency matter is concluded creates a situation where the statute is useless, as once dependency is concluded the matter is moot." Parental Grandparents' Brief, at 7.

The statute to which Paternal Grandparents refer, 23 Pa.C.S.A. § 5324, provides, in pertinent part:

**§ 5324. Standing for any form of physical custody or legal custody**

The following individuals may file an action under this chapter for any form of physical custody or legal custody:

. . .

(3) A grandparent of the child who is not in loco parentis to the child:

(i) whose relationship with the child began either with the consent of a parent of the child or under a court order;
(ii) who assumes or is willing to assume responsibility for the child; and
(iii) when one of the following conditions is met:

(A) the child has been determined to be a dependent child under 42 Pa.C.S. Ch. 63 (relating to juvenile matters);

. . .

23 Pa.C.S.A. § 5324(3).

The statute in question does no more than grant standing to grandparents in certain custody actions. A plain reading indicates that Paternal Grandparents are entitled to standing in this matter. What it does not do, as Paternal Grandparents claim, is assure that their case will move forward once they file it, especially if they do not follow proper procedure. The trial court did not deny standing to Paternal Grandparents; it declined to hear their petition on other grounds. Here is how the trial court described their filing and its disposition of that filing:

[Paternal Grandparents] did not file a custody complaint when initiating this case, although the Berks County Prothonotary

docketed it as such, nor did they file the required custody coversheet, the mandatory order scheduling the matter for mediation and conciliation, and they did not seek a custody trial. Rather, Paternal Grandparents attempted to sidestep not only the ongoing [d]ependency proceeding, but also attempted to bypass the fundamental due process procedures involved in an ordinary custody case as required by the Pennsylvania Rules of Civil Procedure. Importantly, while the bulk of Paternal Grandparents' 58-paragraph petition, along with voluminous exhibits, concerns the pending proceedings in Dependency Court and acknowledges that Child is in the custody of [BCCYS], they fail to name BCCYS as a party to the custody case.

Trial Court Opinion, at 1-2.

It is clear from our review of the record that the Dependency Court had approved Child's placement with appropriate foster parents. It is also clear from our review that Paternal Grandparents' petition was procedurally defective, as the trial court describes above. And it is beyond question that Paternal Grandparents' failure to join BCCYS, the entity with legal custody of Child, deprived their claim of an indispensable party.

Thus, it appears that the trial court did not, as Paternal Grandparents claim, refuse, pursuant to 23 Pa.C.S.A. § 5324, to hear their claim on the ground that it had already been heard by the Dependency Court. Instead, it simply maintained the *status quo ante* previously established by the Dependency Court when Paternal Grandparents failed to present a justiciable claim.

Accordingly, for the reasons stated, we affirm the order of the trial court entered October 3, 2014.

Order affirmed.

J-S16003-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015